**FILED**

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

IN THE DISTRICT OF COLUMBIA AT WASHINGTON

JAMEY GOODING #15155-074 )
P.O.BOX 2000
MILLINGTON,TN )
        38083
                                    )

                                    )

VS                                  )
THE UNITED STATES,
DAVID JUSTICE ET, AL,               )
WAYNE HUFFMAN ET, AL,
CARL BARNS ET, AL,                  )
TIM CAIN ET. AL,
WESLEY THIXTON ET. AL,              )
CRAIG WYRICK ET. AL,
SANDY ADAMS ET. AL,                 )
GEOFF HUGHEY ET. AL,
LIEUTENANT LARA ET. AL,             )
MS. TUBBS ET. AL
JOHN DOE ET. AL,                    )

CASE: Case: 1:08-cv-00110
Assigned To : Unassigned
Assign. Date : 1/18/2008
Description: Pro Se General Civil

JURY ACTION

------------------------------------

*Complaint*

APPEAL FOR FEDERAL TORT

CLAIM #TRT-SCR-2007-01032

WITH A JURY DEMAND


<u>JURISDICTION</u>

THIS IS A FEDERAL TORT CLAIM ACT APPEAL UNDER 28 U.S.C. §§

2671 et. seq. AND AUTHORITY GRANTED BY 28 C.F.R. §0.172.  OTHER

FEDERAL COURT JURISDICTION OVER ALLEGATIONS OF CONSTITUTIONAL OR

OTHER FEDERAL LAW VIOLATIONS IS AUTHORIZED IN 28 U.S.C.

§1331(a), WHICH PROVIDES: THE DISTRICT COURT SHALL HAVE ORIGINAL

JURISDICTION OF ALL CIVIL ACTIONS UNDER THE CONSTITUTION, LAWS,

OR TREATIES OF THE UNITED STATES.  ALSO 28 U.S.C. §2680(h),

WHERE FEDERAL CORRECTIONAL OFFICERS  ARE INCLUDED IN THE

**RECEIVED**

DEC 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*1*

DEFINITION OF INVESTIGATIVE OR LAW ENFORCEMENT OFFICERS. ALSO 18
U.S.C.S. §4122 - STATES THAT A SUIT AGAINST FEDERAL PRISON
INDUSTRIES, INC. [FPI] IS SUIT AGAINST UNITED STATES;

## PARTIES

JAMEY GOODING (MOVANT/AGGRIEVED PARTY/PLAINTIFF) IS
PRESENTLY INCARCERATED AT THE MEMPHIS FEDERAL PRISON CAMP IN
MILLINGTON, TENNESSEE.

DAVID JUSTICE IS THE WARDEN AT THE FEDERAL CORRECTIONAL
INSTITUTION AT BIG SPRING TEXAS.  HE IS RESPONSIBLE FOR THE
TRAINING AND SUPERVISION OF THE CORRECTIONAL STAFF.  DAVID
JUSTICE ALONG WITH ALL THE DEFENDANTS IN THE ABOVE  CAPTION
NAMELY THE RESPONDANTS, ARE BEING SUED IN THEIR INDIVIDUAL
CAPACITY AND OFFICIAL CAPACITY.

THE SUPREME COURT HAS HELD THAT THE DUTY FOR CARE OWED BY
THE BUREAU OF PRISONS TO FEDERAL PRISONERS IS FIXED BY 18 U.S.C.
§4042, INDEPENDENT OF AN INCONSISTENT STATE RULE.  THIS STATUTE
REQUIRES THE BUREAU TO :  (2)  PROVIDE SUITABLE QUARTERS AND
PROVIDE FOR THE SAFEKEEPING, CARE, AND SUBSISTENCE OF ALL
PERSONS CHARGED WITH OR CONVICTED OF OFFENSES AGAINST THE UNITED
STATES, OR HELD AS WITNESSES OR OTHERWISE;  (3)  PROVIDE FOR THE
PROTECTION, INSTRUCTION, AND DISCIPLINE OF ALL PERSONS CHARGED
WITH OR CONVICTED OF OFFENSES AGAINST THE UNITED STATES.

MOVANT STATES THAT MOVANT RECEIVED THIS APPEAL ACTION ON
JUNE 7, 2007 ALTHOUGH REGIONAL COUNSEL MAILED THE RESPONSE ON
DECEMBER 30, 2007, MOVANT WAS AT BIG SPRING FCI AND SIGN FOR THE
APPEAL AT APPROXIMATLY 10:45 AM ON JUNE 7, 2007.

## CLAIMS

MOVANT UNDER THE PENALTY OF PERJURY ASSERTS THAT THE RESPONDANTS IN THE ABOVE CAPTIONED CASE ARE RESPONSIBLE FOR NUMEROUS STATE LAW CONSTITUTIONAL INFRACTION AS WELL AS FEDERAL CONSTITUTIONAL INFRACTIONS WHCIH ARE LISTED AS FOLLOWS: ASSAULT AND BATTERY, ASSAULT BY FRIGHT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, INVASION OF PRIVACY, BREACH OF DUTY, BREACH OF CONTRACT AND GOOD FAITH, HOSTILE WORK ENVIRONMENT, DISPARATE TREATMENT, TRESPASS, FALSE IMPRISONMENT, DUE PROCESS, DENIAL OF ADEQUATE MEDICAL CARE, RETALIATION, DILIBERATE INDIFFERENCE, UNAUTHORIZED RELEASE OF CONFIDENTIAL INFORMATION, PERJURY, EXCESSIVE FORCE AND MUCH MORE.

## RELIEF

WHEREFORE PLAINTIFF REQUESTS THIS HONORABLE COURT TO GRANT THE FOLLOWING RELIEF:

A.  APPOINT COUNSEL -28 USC §1915

B.  GRANT MOVANT FORMA PAUPERIS

C.  GRANT CONSOLIDATION OF ALL TORTS

D.  GRANT JURY TRIAL UNDER FED. CIV. PROC. 38(b)

E.  GRANT DISCOVERY UNDER FEDERAL CIVIL PROCEDURE 34(b) AND 37(a), INCLUDING THE MEMO OF WORK PERFORMANCE PRESENTLY BEING WITH-HELD FROM MOVANT BY THE FEDERAL PRISON INDUSTRIES STAFF

F.  ORDER THE NAMES OF THE OFFICERS ON BOTH OCCAISIONS WHO CALLED AND FABRICATED A STORY TO PLACE MOVANT IN THE SEGREGATION UNIT

G.  ORDER ALL FILES RELEVANT TO THE CASE AT HAND TO INCLUDE    E-

MAILS AND ALL EVIDENCE FAVORABLE TO MOVANT BE DIVULGED BY THE
FPI.

H.   GRANT THE DAMAGES MOVANT HAS REQUESTED.

I.   GRANT SUCH OTHER RELIEF AS IT MAY APPEAR PLAINTIFF IS
ENTITLED.

RESPECTFULLY SUBMITTED

JAMEY GOODING 15155-074

MEMPHIS FEDERAL PRISON CAMP

P.O. BOX 2000

MILLINGTON, TENNESSEE  - 38083-2000

IN THE U.S. DISTRICT COURT

IN THE DISTRICT OF COLUMBIA

AT WASHINGTON

JAMEY GOODING
# 15155-074
38-L · SFLO POD
FPC
POB 2000
MILLINGTON, TN. 38063

VS

UNITED STATES

APPEAL FOR

ADMINISTRATIVE TORT CLAIM

#TRT-SCR-2007-01032

NOW COMES JAMEY GOODING, MOVANT/AGGRIEVED/ADVERSELY AFFECTED PARTY,
PRO-SE SEEKING SETTLEMENT UNDER THE FEDERAL TORT CLAIMS ACT, 28 U.S.C.
§§2671 ET. SEQ., AND AUTHORITY GRANTED BY 28 C.F.R § 0.172.  I AM
PRESENTLY CLAIMING LIABILITY AGAINST THE GOVERNMENT IN THE AMOUNT OF
TEN MILLION SIX HUNDRED TWENTY THOUSAND SEVEN HUNDRED EIGHTY FOUR
DOLLARS AND 53/100, AS COMPENSATION FOR ALLEGED PERSONAL AND PHYSICAL
INJURY AND LOSS OF PERSONAL PROPERTY.

MOVANT/AGGRIEVED PARTY REQUESTS THAT THIS HONORABLE COURT, ALLOW
MOVANT TO PROCEED IN FORMA PAUPERIS SEEING THAT MOVANT IS INDIGENT AND
HAS NO INCOME.  MOVANT/AGGRIEVED PARTY HAS BEEN ADVERSELY AFFECTED BY
THE GOVERNMENT AND IT'S EMPLOYEE'S AND IS REQUESTING THAT THIS COURT
CONSIDER THE MANY ABUSES IN THE PRISON SYSTEM, AND REQUESTS THAT THIS
HONORABLE COURT REVIEW THIS COMPLAINT AGAINST TEN(10) KNOWN AND TWO(2)
UNKNOWN GOVERNMENT EMPLOYEES WHO HAVE CAUSED THIS INMATE TO BE
AGGRIEVED AND ADVERSELY AFECTED.  MOVANT/AGGRIEVED PARTY STATES THAT IN
ORDER TO ENSURE THAT PRISONER COMPLAINTS PARTICULARLY PRO-SE COMPLAINTS
ARE NOT DISMISSED PREMATURELY HOWEVER UNLIKELY THE SET OF FACTS

**RECEIVED**

DEC - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

POSTULATED.  AN OPPORTUNITY SHOULD BE PROVIDED THE PRISONER TO DEVELOP
HIS CASE AT LEAST TO THE POINT WHERE ANY MERIT IT CONTAINS IS BROUGHT
TO LIGHT.  PRO SE PRISONER COMPLAINTS MUST BE READ IN A LIBERAL FASHION
AND SHOULD NOT BE DISMISSED UNLESS IT APPEARS BEYOND ALL DOUBT THAT THE
PRISONER COULD PROVE NO SET OF FACTS UNDER WHICH HE WOULD BE ENTITLED
TO RELIEF IN ACCORDANCE WITH HAINES VS KERNER 30 L.ED 2d 652 AND HOWARD
VS LONG 707 F.2d 215 (5TH CIR.).  MOVANT IS REQUESTING A JURY TRIAL ON
THE MERITS AFTER THIS COURT COURT HAS MADE A JUDICIAL DETERMINATION
THAT THE CONDUCT OF THE GOVERNMENTAL EMPLOYEES LISTED IN THIS COMPLAINT
HAVE BEEN FOUND TO BE IN VIOLATION OF THIS INMATES CONSTITUTIONAL
RIGHTS AND THAT THIS COURT HAS FOUND THAT THIS COMPLAINT IS BY FAR, NOT
FRIVOLOUS AND CONTAINS MERIT, AND THAT THIS INMATE IS NOT PROCEDURALLY
TIME BARRED DUE TO CONTINUOUS WRONGS AND THAT THE INMATE ACCIDENT
COMPENSATION ACT (HEREINAFTER THE I.A.C.A, 18 U.S.C. § 4126) DOES NOT
COVER DENIAL OF IMMEDIATE MEDICAL CARE AND MEDICAL ATTENTION IN REGARDS
TO A WORK RELATED INJURY IN WHICH INMATE WAS TOLD THAT HE COULD NOT SEE
THE DOCTOR AND WOULD HAVE TO WAIT UNTIL TWO DAYS LATER (SEE ATTACHED
"A"), THAT IT ALSO DOES NOT COVER AGGRAVATION OF PRE-EXISTING MEDICAL
PROBLEMS, THAT THE I.A.C.A. DOES NOT COVER NON-WORK RELATED INJURIES
RECEIVED FROM OFFICERS HORSE PLAYING (SEE ATTACHED "A") AND USING
CONFIDENTIAL INFORMATION GATHERED ILLEGALLY FROM PRISON HOSPITAL STAFF,
THAT WAS BEING USED TO TREAT INMATE, WAS BEING USED TO HARASS AND
HUMILIATE MOVANT WHILE SEEKING TREATMENT FROM INJURIES CAUSED BY THE
GOVERNMENTAL EMPLOYEES (SEE ATTACHED "A"), THAT THE I.A.C.A. DOES NOT
COVER CONTINUED HARRASSMENT, RETALIATION, AND THE INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS BY GOV'T OFFICIALS WHO ON TWO(2)

OCCAISIONS SENT MOVANT TO ADMINISTRATIVE SEGREGATION AFTER EXERCISING
1ST AMENDMENT RIGHTS (SEE ATTACHED "A") AND THAT MOVANT WAS FIRED FROM
HIS PROCUREMENT OFFICE JOB AND SENT TO THE FACTORY WHERE MOVANT LOST
HIS SENORITY, EXPERIENCE AND HAD TO BE RE-TRAINED IN A WHOLE NEW AREA
AND WAIT ON PROMOTION BEHIND OTHER INMATES WHO WERE ON THE DETAIL, WHO
ALREADY HAD SENORITY, ALL BECAUSE MOVANT EXERCISED HIS 1ST AMENDMENT
RIGHT.  THEN, ON TOP OF ALL THAT MOVANT HAD TO ENDURE A BI-POLAR/MANIC
DEPRESSIVE/DETAIL SUPERVISOR WITH AN EXPLOSIVE MENTAL DISORDER WHO
WOULD COME TO THE MOVANTS BEDSIDE TO HARASS MOVANT SO BAD THAT MOVANT
HAD TO BE TREATED FOR ANXIETY AND INCREASED HIGH BLOOD PRESSURE BY
HOSPITAL STAFF(SEE ATTACHED), THAT THE I.A.C.A. ALSO DOES NOT COVER
VIOLATIONS OF CRUEL AND UNUSUAL PUNISHMENT WHERE INMATE WAS SUBJECTED
TO HOMOSEXUAL HORSE PLAY, GENERAL HORSE PLAY, RACIAL SLURS, VERBAL
ABUSE, HUMILIATION AND VIOLATION OF CONFIDENTIALITY AGREEMENT IN BEING
TREATED BY HOSPITAL STAFF IN CONFIDENCE WITH THE HEALTH CARE PROVIDER,
VIOLATIONS UNDER DUE PROCESS, VIOLATIONS UNDER UNFAIR LABOR STANDARDS
ACT, VIOLATIONS UNDER RETALIATION, THAT IT ALSO DOES NOT COVER
VIOLATIONS UNDER BREACH OF CONTRACT(SEE ATTACHED), AND VIOLATIONS UNDER
ISSUING A PERJURED STATEMENT ON A GOVERNMENT DOCUMENT IN ORDER TO
DEPRIVE INMATE OF A FEDERALLY PROTECTED RIGHT AND LIBERTY INTEREST(SEE
ATTACHED), THUS LEAVING MOVANT WITH THE ONLY COURSE AVAILABLE, THE
FEDERAL TORT CLAIMS ACT.
REGIONAL COUNSEL, MR. JASON SICKLER HAS STATED THAT I SEEK
COMPENSATION FOR ALLEGED PERSONAL INJURY AND LOSS OF PERSONAL PROPERTY
COMMENCING ON OR ABOUT MARCH 31, 2004 AT THE FEDERAL CORRECTIONAL
INSTITUTION IN BIG SPRING, TEXAS (FCI BIG SPRING), BUT, REGIONAL

COUNSEL

OMITS THE FACT THAT THE GRIEVANCE WAS NOT EVEN FILED UNTIL MARCH 14,
2005 AFTER THE EMPLOYEE'S OF THE GOVERNMENT AT FEDERAL PRISON
INDUSTRIES CONTINUED TO PROMISE MOVANT A GRADE AND DELAYED MY
ADMINISTRATIVE REMEDY FILING BY CONTINUING  TO REFUSE FOR OVER A YEAR,
TO PROVIDE MOVANT A COPY OF THE DENIAL OF HIS PROMOTION.  THEN FPI
STAFF FINALLY STATED ON 8-14-2005 THAT IT DID NOT EXIST AND THEN THAT
THEY HAD LOST MY SF 95-PROMOTION FORM AND THEN LATER IT TURNED FROM
BEING LOST TO THAT IT WAS SUBMITTED ILLEGALLY (SEE ATTACHED).

REGIONAL COUNSEL STATED THAT MOVANT SPECIFICALLY STATED, THAT
MOVANT ALLEGE THAT HE WAS UNLAWFULLY AND UNCONSTITUTIONALLY
DISCRIMINATED AGAINST ON THE BASIS OF MY RACE WHEN I WAS NOT PROMOTED
TO PAY GRADE ONE(1) IN MY UNICOR WORK ASSIGNMENT.  I ADDITIONALLY CLAIM
STAFF RETALIATED AGAINST ME BY MOVING ME TO ANOTHER WORK ASSIGNMENT
AFTER I COMPLAINED OF THE ALLEGED DISCRIMINATION.  MR. SICKLER HAS LEFT
OUT MANY DISCREPANCIES INTENTIONALLY TO DECEIVE THIS COURT, IN THAT MR.
SICKLER HAS OMITTED THE FACT THAT OTHER BLACK INMATES WERE HELD BACK IN
THEIR GRADES AND EVEN LATER ANOTHER BLACK INMATE QUIT THE BUSINESS
OFFICE WHO HAD A MASTERS IN BUSINESS DUE TO THE DISCRIMINATION WHO WILL
TESTIFY ALONG WITH OTHERS OF THE DISCRIMINATION AND HOSTILE WORK
ENVIRONMENT IN WHICH WE WERE SUBJECTED TO, IT WAS ALSO OMITTED BY
REGIONAL COUNSEL THAT EVERY INMATE THAT WORKED IN THE BUSINESS OFFICE
WAS WHITE EXCEPT FOR THE MOVANT AND THAT EVERY BUSINESS OFFICE INMATE
HAD HIS GRADE ONE EXCEPT THE BLACK MOVANT/AGGRIEVED PARTY WHO HAS BEEN
ADVERSELY AFFECTED FOR EXERCISING HIS 1ST AMENDMENT RIGHTS, IT WAS
OMITTED THAT STAFF LIED AND STATED THAT THE GRADES HAD BEEN REDUCED TO
ONE, WHEN IN FACT THE RECORD WILL SHOW THAT INMATE LINDSEY WAS PROMOTED

TO SUPER-GRADE LEAVING HIS GRADE ONE POSITION OPEN, AND THAT ALSO THIS
REDUCTION IN GRADE WAS NOT MADE KNOWN TO MOVANT UNTIL OCTOBER OF
2005(SEE ATTTACHED), IN WHICH UPON FINDING OUT MOVANT SENT A FREEDOM OF
INFORMATION ACT WHICH WILL PROVE THAT THE GRADES HAD NOT BEEN REDUCED
AT THE TIME IN WHICH MOVANT HAD REQUESTED A PROMOTION(SEE ATTACHED).
MR. SICKLER HAS LEFT OUT MANY DISCREPANCIES INTENTIONALLY TO DECEIVE
THIS COURT, IN THAT MR. SICKLER HAS OMITTED THE MANY INJURIES INMATE
GOODING RECEIVED AS A RESULT OF THE DISCRIMINATION AND THE NEED FOR
FUTURE TREATMENT, THE SUBSEQUENT AGGRAVATION INMATE GOODING RECEIVED
THAT IS ATTRIBUTABLE TO THE CONTINUATION OF THAT WRONG, THE INTERVENING
AILMENTS AND MALADIES AS A RESULT OF THE CONTINUING WRONG, THAT THE
INJURIES CREATED CHRONIC DISORDERS THAT WILL NEED TO BE ADDRESSED BY
FUTURE CORRECTIVE TREATMENT AND PALLIATIVES.  MR. SICKLER SHOULD
UNDERSTAND THAT IT IS A PROTECTED LIBERTY INTEREST IN BEING ON THE
COMPOUND AS OPPOSED TO BEING IN ADMINISTRATIVE SEGREGATION HEWITT VS
HELMS 459 U.S. 470-71 "HELD THAT COURT FOUND A LIBERTY INTEREST IN
REMAINING IN THE GENERAL POPULATION AS OPPOSED TO ADMINISTRATIVE
SEGREGATION, IN WHICH MOVANT LOST MONEY FROM UNICOR PAY, COMMISSARY
RRESTRICTIONS TO INCLUDE PHONE, EDUCATION BENEFITS INMATE LOST DUE TO
ATTENDING COLLEGE PROGRAMS THAT WERE BEING PAID FOR BY THE BUREAU, ALL
IN WHICH MOVANT LOST AS A RESULT OF BEING SNATCHED OUT OF GENEERAL
POPULATION IN VIOLATION OF DUE PROCESS, BY AN UNAUTHORIZED TRANSFER TO
SEGREGATION THAT SUBSTANTIALLY AFFECTED THE MOVANTS NATURE OF
CONFINEMENT (SEE ATTACHED "A"), ALL OF WHICH ARE PROTECTED LIBERTY
INTERESTS GUARANTEED BY THE CONSTITUTION, REGIONAL COUNSEL OMITS THE
FACT THAT STAFF CONTINUED TO DEPRIVE INMATE OF FEDERALLY PROTECTED

RIGHTS BY DENYING INMATE SCHOLARSHIP MONEY FOR EDUCATION THAT WAS GIVEN TO WHITES BUT NOT TO INMATE GOODING, WHEN STAFF WHO WAS BEING TORTED BY MOVANT WAS ON THE SCHOLARSHIP COMMITTEE AND MOVANT SIGNED AN UNDER THE PENALTY OF PERJURY STATEMENT REQUESTING STAFF MEMBER TO BE REMOVED BECAUSE OF A BIASED STATEMENT MADE BY OFFICER (SEE ATTACHED "A"), STATING THAT I SHOULD GIVE HIM A REASON WHY HE SHOULD HELP ME DUE TO THE FACT THAT I HAD CAUSED HIM A LOT OF TROUBLE, MR. SICKLER LEFT OUT THE FACT THAT WHEN MOVANT WAS RELEASED FROM SEGREGATION, SAME STAFF MEMBER FIRED MOVANT FROM UNICOR CONTRARY TO POLICY, AND INMATE HAD TO FILE GRIEVANCE AND GOT HIS JOB BACK.

## CASE SUMMARY

LET US BEGIN TO ANSWER THE ONLY QUESTIONS IN WHICH REGIONAL PRESENTS TO THIS COURT TO DENY MOVANT AN OPPORTUNITY TO PREVAIL ON THE NUMEROUS CLAIMS BEFORE US.

NUMBER 1. REGIONAL COUNSEL CLAIMS THAT THERE IS NO EVIDENCE OF RACIAL DISCRIMINATION.

***REBUTTLE OF NEGATIVE AVERMENT

1. WHY THEN WAS MOVANT DENIED HIS GRADE WHEN ALL OTHER INMATES IN THE BUSINESS OFFICE WERE NOT ONLY WHITE, BUT POSSESSED THEIR GRADE ONE POSITIONS?

2. WHY THEN, WHEN THE PROCUREMENT OFFICE GRADE ONE, INMATE LINDSEY, WHO IS WHITE, WAS PROMOTED TO SUPER-GRADE, WHY WASN'T THE BLACK MOVANT MOVED TO THE WHITE POSITION IN WHICH THE WHITE CLERK LEFT AS A RESULT OF HIS PROMOTION?

3. WHY THEN, DID THE SUPERVISOR OF THE ACCOUNTING OFFICER PROMOTE ALL HIS CLERKS TO GRADE ONE, WHEN BUSINESS MANAGER STATED THAT GRADE ONE

POSITIONS IN THE BUSINESS OFFICE HAD BEEN REDUCED TO ONE, WHEN THE BUSINESS OFFICE INCLUDES THE WAREHOUSE, ACCOUNTING OFFICE AND PROCUREMENT?

4. WHY THEN, WAS INMATE LINDSEY, WHO IS WHITE, WAS ALLOWED TO BRING HIS COLLEGE BOOKS INTO THE BUSINESS OFFICE AND STUDY BUT MOVANT WHO IS BLACK, WAS NOT ALLOWED TO BRING HIS BIBLE?

5. WHY THEN, WHEN INMATE TRANSFERS TO OAKDALE LOUISIANA CAME UP TO BIG SPRING, DID MR. HUFFMAN, UNICOR S.O.I., PULL INMATE PERRONE, WHO IS WHITE, OFF THE BUS, WHEN BLACK INMATE METTS, WHO WILL TESTIFY, WAS REFUSED BY MR. HUFFMAN TO BE TAKEN OFF THE BUS, EVEN THOUGH INMATE METTS WAS NOT SUPPOSED TO BE TRANSFERRED ACCORDING TO THE PROGRAM STATEMENT WHILE IN THE COMPUTER AIDED DRAFTING COURSE?

6. WHY THEN, WAS INMATE CURRY (WHO IS BLACK) HELD BACK IN HIS GRADE BY MR. HUGHEY FOR OVER A YEAR (THE FACT THAT I WOULD HAVE NEVER KNOWN, HAD NOT MY DETAIL SUPERVISOR HAD NOT TOLD ME, BECAUSE CURRY HAD BEEN TRANSFERRED TO THE CAMP).


REGIONAL COUNSEL STATES THE THE NUMBER OF GRADE ONE POSITIONS IN THE PROCUREMENT SECTION HAD BEEN REDUCED TO ONE AND THIS POSITION WAS CURRENTLY OCCUPIED AT THE TIME MOVANT SOUGHT A PROMOTION.

REBUTTAL:

1. MOVANT HAS IN HIS POSSESSION A FORM 83 WHICH WAS REQUESTED THRU THE FREEDOM OF INFORMATION SECTION OF THE SCRO LEGAL OFFICE. THIS FORM HAS ON IT HOW MANY GRADE ONE POSITIONS ARE AVAILABLE IN EACH DEPARTMENT OF THE BUSINESS OFFICE AND THE DATES THE POSITIONS ARE AVAILABLE. MOVANT SOUGHT A POSITION IN OR ABOUT  MARCH 2004 THRU AUGUST 2005 AND STRUGGLED VIGOROUSLY FOR A POSITION. THE REGIONAL OFFICE SENT MOVANT A COPY OF THE CURRENT FORM 83 AND THE ONLY 83 THAT BIG SPRING HAD

SUBMITTED TO THE LEGAL OFFICE FOR POSTING WHICH MOVANT REQUESTED.  THE
FORM READS AS FOLLOWS (SEE ATTACHEMENT).  THE FORM 83 SHOWS THAT IN THE
PROCUREMENT SECTION OF THE BUSINESS OFFICE IN WHICH MOVANT WAS A
PROCUREMENT CLERK, THAT THERE WAS 2 GRADE ONE POSITIONS AVAILABLE.
MOVANT ASSERTS THAT AT THE TIME MOVANT REQUESTED A GRADE ONE POSITION
THERE WERE ONLY TWO INMATES WORKING IN THE PROCUREMENT SECTION OF THE
BUSINESS OFFICE, INMATE LINDSEY AND INMATE GOODING (MOVANT).  THE FORM
83 SHOWS THAT NO REDUCTIONS IN THE GRADES IN THE PROCUREMENT OFFICE
WERE MADE UNTIL OCTOBER 1, 2005, SOME 17 MONTHS AFTER MOVANT REQUESTED
A GRADE ONE POSITION.  SO WHY DID BUSINESS MANAGER GEOFF HUGHEY LIE TO
ACTING WARDEN BERKEBILE ON 5/6/2005, AND RONALD G THOMPSON REGIONAL
DIRECTOR ON 6/15/2005, HARRELL WATTS, ADMINISTRATOR FOR NATIONAL INMATE
APPEALS ON 9/1/2005 AND WARDEN JUSTICE ON 9/19/2005 STATING THAT AT THE
TIME INMATE GOODING WAS REQUESTING A GRADE PROMOTION IN 3/14/2004 THAT
THE POSITION THAT MOVANT SOUGHT WAS OCCUPIED, WHEN IN ACTUALITY THE
POSITIONS WERE NOT REDUCED UNTIL OCTOBER 1, 2005, SOME 17 MONTHS
AFTERWARD MOVANT HAD REQUESTED A GRADE (SEE ATTACHMENTS).
2.  WHY THEN, DOES ATTACHMENT SHOW THAT IT WAS NOT UNTIL 10/1/2005 THAT
HUGHEY REDUCED THE NUMBER OF GRADE ONE POSITIONS TO ONE(1) AND THE
NUMBER OF GRADE 2 POSITIONS TO ONE(1).
3.  WHY DID REGIONAL COUNSEL JASON SICKLER AND UNICOR BUSINESS MANAGER
GEOFF HUGHEY TRY TO MIS-LEAD OTHER FEDERAL MANAGEMENT EMPLOYEES AND
THIS COURT WITH THIS DOCUMENT IN THEIR FACE?

STATEMENT:
REGIONAL COUNSEL STATES THAT, AND I QUOTE, "ADDITIONALLY", MOVANTS
SKILLS AND WORK PERFORMANCE WERE NOT SUFFICIENT TO MERIT GRADE ONE PAY.

REBUTTLE:

1.   WHY THEN, ON MOVANTS LAST EVALUATION DATED MARCH 31, 2004, DID MOVANT RECEIVE A GOOD EVALUATION, NOT ONLY A GOOD EVALUATION BUT THE HIGHEST EVALUATION THAT AN INMATE COULD GET, SCORING 25 OUT OF 25 RESPECTIVELY? (SEE ATTACHED "A")

2.   WHY THEN, DID THE EVALUATION STATE THAT MOVANT HAS LEARNED QUICKLY AND IS ALWAYS EAGER TO PLEASE.

3.   WHY THEN, WAS MOVANT THEN GIVEN A MORE COMPLICATED ASSIGNMENT TO MANAGE, A 55 MILLION DOLLAR CONTRACT CALLED POWER-GARD?


STATEMENT:

REGIONAL COUNSEL STATED THAT MOVANT WAS MOVED TO A DIFFERENT WORK ASSIGNMENT IN UNICOR AND STATES THAT THERE IS NO INDICATION THAT THE REASSIGNMENT WAS ADVERSE TO MOVANT AND THAT THERE WAS NO INDICATION THAT THE MOVE WAS DONE FOR RETALIATORY PURPOSES.

REBUTTLE:

1.   WHY THEN, AFTER 2 YEARS OF HAVING THE HIGHEST PERFORMANCE EVALUATION AN INMATE CAN GET AND THE BEST COMMENT ON A WORKERS PERFORMANCE THAT AN INMATE CAN GET, WHY THEN, WAS MOVANT GIVEN THE WORST COMMENT THAT AN INMATE CAN GET.  MOVANT RECEIVED ALL POSITIVE EVALUATIONS WITH NO BREAK IN GOOD EVALS AND THEN ALL OF THE SUDDEN RECEIVE THE WORST A PERSON CAN RECEIVE. SEE RAMSEUR VS GARRETO (2003, DC DIST COL) 213 FRD 79 & 216 FRD 180 - NEXUS BETWEEN EMPLOYEE'S COMPLAINTS OF DISCRIMINATION AND SUBSEQUENT POOR PERFORMANCE APPRAISAL COUPLED WITH ABSENCE OF CONTEMPORANEOUS EVIDENCE OF ANY DETERIORATION OF EMPLOYEE'S PERFORMANCE OF EMPLOYEES'S DUTIES PROVIDED MORE THAN SUFFICIENT EVIDENCE TO SUPPORT JURYS FINDING OF RETALIATION.

3.   WHY THEN DID MOVANT ALSO RECEIVE A SECONDARY REPORT ON A PERFORMANCEEVALUATION THAT MOVANT HAS NEVER SEEN NOR WILL THE DETAIL

~~ERFORMANCE EVALUATION THAT MOVANT HAS NEVER SEEN NOR WILL THE DETAIL~~
SUPERVISOR ALLOW MOVANT TO SEE.  THIS REPORT WAS SHARED WITH THE
S.O.I., BUT MOVANT HAS NEVER SEEN THIS REPORT.  NOT ONLY THAT, BUT WHEN
THE REPORT WAS REQUESTED BY MOVANT, THE DETAIL SUPERVISOR MARKED THE
REPORT SENSITIVE SO MOVANT COULD NOT REVIEW THE REPORT.

4.  WHY THEN, ON THE DAY THAT MOVANT CHALLENGED THE EVALUATION ON
8/11/2005, BY GOING OVER THE DETAIL SUPERVISORS HEAD TO TALK TO THE
WARDEN, SEE CASE 42 USCS §2000e-3a P. 44 - OPPOSITION TO TITLE VII
DISCRIMINATION WHICH TAKES FORM OF GOING OVER HEADS OF IMMEDIATE
SUPERVISORS IS CLEARLY WITHIN INTENDED SCOPE OF PROTECTION - EEOC
DECISION NO. 75-225 (1975) CCH EEOC ¶6491.  WHY, WAS MOVANT FIRED, NOT
RE-ASSIGNED, THE VERY NEXT DAY-ON 8/12/2005? SEE JALIL VS AVDEL CORP.
873 F.2d 701 - EMPLOYEE ESTABLISHED PRIMA FACIE CASE OF RETALIATION BY
SHOWING HIS DIMISSAL CAME WITHIN 2 DAYS OF FILING A COMPLAINT.

**THERE WAS STILL A POSITION IN THE BUSINESS OFFICE PROCUREMENT AND
MOVANT WAS FORCED TO MOVE TO THE FACTORY TO A DETAIL IN WHICH NO INMATE
WANTS TO WORK.  IF A PERSON WOULD ASK ANY INMATE WHERE IN THE FACTORY
IS THE WORST DETAIL TO WORK, THE REPLY WOULD BE TO CABLE 9, MR.
THIXTON.  OFFICERS IN THE FACTORY DON'T EVEN LIKE TO WORK WITH THIS
GUY, LET ALONE INMATES.  MY OWN MEDICAL RECORDS WILL SHOW THAT WORKING
ON THIS DETAIL INCREASED MY BLOOD PRESSURE, ANXIETY AND HAS CAUSED A
CHRONIC DISORDER IN WHICH I NOW SEEK CORRECTIVE TREATMENT. (SEE
ATTACHED "A"). OFFICIALS KNEW OF MY EMOTIONAL DISORDERS BECAUSE
OFFICERS HAVE ACCESS TO THE SENTRY WHICH IS CONFIDENTIAL INFORMATION
ABOUT INMATES HEALTH AND HISTORY.  SO STAFF HAD THIS INFORMATION (PRIOR
FIRING ME AND REASSIGNING ME THERE AND THEY ALSO KNEW THAT THIS OFFICER
HAD MAJOR MENTAL PROBLEMS.  STAFF KNEW OF MOVANTS PRESENT CONDITION AND
KNEW THAT MOVANTS HEALTH WOULD BE IN DANGER IF PLACED ON THIS MONSTERS
DETAIL, BUT YET, S.O.I. MR. HUFFMAN REFUSED TO RESPOND TO MOVANTS PLEA

BY STATING THAT "I AM THE S.O.I. AND I CAN MOVE AN INMATE ANYWHERE IN THE FACTORY REGARDLESS OF HEALTH REASONS. (SEE COP-OUT "A").

5. IF FIRING WAS NOT ADVERSE EVEN AFTER HEALTH ISSUES AROSE, WHY THEN, AFTER RECEIVING A PERFECT SCORE ON EVALUATON SOME 16 MONTHS LATER, WITH NO EVALS IN BETWEEN 3/31/2004 AND 8/11/2005-WHY DID MOVANT RECEIVE SUCH AN APPALLING EVALUATION. (SEE ATTACHED "A"). NOT ONLY DID THE ADVERSITY COME FROM THE LAST EVALUATION WHICH WAS ALSO USED AS A CONTRACT SO THAT MOVANT COULD IMPROVE THE CONDUCT IN WHICH HE HAD JUST LEARNED OF, SO WAS THE MOVE FROM PROCUREMENT TO THE FACTORY WAS ADVERSE BECAUSE THE STAFF PROMISED TO WORK WITH MOVANT OVER THE NEXT 6 MONTHS BUT THE VERY NEXT DAY MOVANT WAS TOLD THAT HE WAS BEING FIRED AND SENT TO THE FACTORY AND TOLD TO GO AWAY, LIKE A BAD DREAM. MOVANT LOST SENORITY, AN OPPORTUNITY TO SECURE PROMOTION ADVANCEMENT IN THE BUSINESS OFFICE PROCUREMENT SECTION WITHOUT HAVING TO BE RE-TRAINED IN AN AREA HE KNEW ABSOLUTELY NOTHING ABOUT, AN OPPORTUNITY TO NOT HAVE TO START BACK AT THE BOTTOM  OF THE GRADE ADVANCEMENT AND HAVING TO BE PLACED ON HOLD AND WAIT BEHIND OTHER INAMTES WHO ARE ALREADY PROFICIENT IN THEIR DETAIL SKILLS AND WHO ALSO HELD ALL THE GRADE ONE POSITIONS. ADVERSITY CAME WHEN  MOVANT WAS PLACED IN THE FACTORY KNOWING THAT THE STAFF WAS INVOLVED IN HOMOSEXUAL HORSE-PLAY BY TOUCHING INMATES IN THEIR GENITAL AREAS, JOKING WITH  INMATES BY BLURTING OUT RACIAL SLURS, HORSEPLAY IN GENERAL, HUMILIATION, DEGREDATION AND VERBAL ABUSE AT THE COST OF THE INMATE AND THAT THE FACTORY WAS A VERY HOSTILE ENVIRONMENT TO WORK IN AND THAT MOVANT WAS GOING TO BE MADE SUBJECT TO.

STATEMENT OF REGIONAL COUNSEL:

REGIONAL COUNSEL STATES THAT  IN ACCORDANCE WITH 28 U.S.C. §2401 (b),

ANY CLAIM UNDER THE FEDERAL TORT CLAIMS ACT IS FOREVER BARRED UNLESS IT IS FIRST PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN 2 YEARS AFTER THE CLAIM ACCRUES.

REBUTTLE:

REGIONAL COUNSEL FORGETS THAT INMATE GOODING IS A NOVICE IN THE ART OF LAW AND DID NOT EVEN KNOW THAT HE WAS INJURED UNTIL SOME TIME AFTERWARDS THE INCIDENT.  COUNSEL OMITS, AGAIN, THE FACTS SURROUNDING THIS CASE.  THIS CASE INVOLVES A HOST OF CONTINUING UNLAWFUL ACTS FROM THE ORIGINAL TORT AND COMPLAINT, NOT ILL EFFECTS FROM THE ORIGINAL TORT.  THIS CONDUCT HAS OCCURRED OVER A PERIOD OF TIME BEGINNING ON OR ABOUT MARCH 2004.  BECAUSE OF STAFFS CONTINUOUS ILLEGAL ACTS THAT HAD TO BE REPORTED TO THE INTERNAL AFFAIRS OFFICE AND THE OFFICE OF THE INSPECTOR GENERAL AND OTHER AGENCIES, THEIR CONDUCT IS CONSIDERED TO BE CONTINUING.  MOVANT WILL LIST THE ILLEGAL ACTS OF THE STAFF AT FCI BIG SPRING MOMENTARILY, BUT, FIRST MOVANT MUST QUOTE THE LAW THAT REGIONAL COUNSEL HAS FAILED TO QUOTE IN ANOTHER ATTEMPT TO MISLEAD THIS HONORABLE COURT.  SEE 28 U.S.C. § 2401 P.551 §79 - CAUSE OF ACTION UNDER FEDERAL TORT CLAIMS ACT (28 USCS § 2671-2680) FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BASED UPON CONTINUING WRONGFUL CONDUCT OF THE UNITED STATES ACCRUES ON THE DATE OF THE LAST TORTIOUS ACT (GROSS VS U.S. 676 F. 2d 295).  SEE ALSO MASLAUSKA VS U.S. 583 F. SUPP 349 - CONTINUING TORT SUFFICIENT TO TOLL STATUTE OF LIMITATIONS PRESCRIBED BY 28 USCS §2401 IS OCCAISIONED BY CONTINUAL UNLAWFUL CONDUCT OR ACTS.  ALSO THE CASE AT 442 F. 2d 911 STATES AND ALSO SEEKS TO INCLUDE CONDUCT SUCH AS  -  ANY "SUBSEQUENT" AGGRAVATION SIMPLY ATTRIBUTABLE TO THE CONTINUATION OF THAT WRONG DURING THE REMAINDER OF HIS INCARCERATION, WHETHER INTERRUPTED OR NOT.  ASHLEY 413 F. 2d 490-3

STATES THAT THE CONTINUING WRONGFUL CONDUCT OF THE DEFENDANT TOWARD THE CLAIMANT WHICH ESTABLISHES A STATUS QUO OF CONTINUING INJURY MAY ALSO GIVE RISE TO A CONTINUING CAUSE OF ACTION. MOVANT ASSERTS THAT THE DEFENDANTS IN THIS CASE HAVE CAUSED A CONTINUOUS INJURY BY THEIR CONTINUED CONDUCT THAT CONTINUED ALONG THE SAME LINE OF INJURY AND THAT THIS CAUSE OF ACTION ACRUES ANEW EACH DAY. SEE KENNEDY VS U.S. 643 F. SUPP 1072. MOVANT WAS CONTINUALLY AGGRAVATED BY DEFENDANTS CONDUCT EVEN AFTER THE INTERNAL AFFAIRS AND O.I.G. OFFICE WERE CALLED TO BIG SPRINGS FCI TO INVESTIGATE AND EVEN AFTER MOVANT USED THE INMATE GRIEVANCE. SEE COOPER VS U.S. 442 F. 2d 911 - IT IS TRUE THAT THE STATUTE OF LIMITATIONS DOES NOT ALWAYS BEGIN TO RUN AT THE FIRST MOMENT WHERE A WRONGFUL INVASION OF A PROTECTED INTEREST MIGHT GIVE RISE TO A CAUSE OF ACTION. ALSO SEE  TOAL VS U.S. 438 F. 2d 222-4 - THE CONTINUATION OF A SPECIAL RELATIONSHIP OFFERING THE POSSIBILITY OF CORRECTION OF THE INJURY MAY POSTPONE THAT DATE FURTHER. SO FOR THE REGIONAL COUNSEL TO SAY TO THE COURTS THAT MOVANTS CLAIM IS FOREVER BARRED IS FRIVOLOUS.

REGIONAL COUNSEL STATED THAT ACCORDING TO U.S. VS DEMKO 385 U.S. 149, THE INMATE ACCIDENT COMPENSATION ACT 18 USC § 4126 IS THE SOLE MECHANISM THROUGH WHICH A CURRENT OR FEDERAL INMATE MAY SEEK COMPENSATION FOR INJURIES ALLEGEDLY SUSTAINED IN CONNECTION WITH SUBSEQUENT MEDICAL TREATMENT OF SUCH INJURIES AND THAT SUCH ALLEGED INJURIES ARE NOT COMPENSABLE THRU THE FEDERAL TORT CLAIMS ACT.

REBUTTLE:

IN THE CASE CITED BY REGIONAL COUSEL, U.S. VS DEMKO THE COURT HELD THAT THE PRISON COMPENSATION LAW IN 18 USC 4126 IS THE EXLUSIVE REMEDY AGAINST THE GOVERNMENT FOR A FEDERAL PRISONER INJURED WHILE WORKING; THE FEDERAL TORT CLAIMS ACT MAY NOT BE USED. THIS IS TRUE, BUT COUNSEL

O

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**INMATE INJURY ASSESSMENT AND FOLLOWUP**
*(Medical)*

| 1. Institution Big Spring TX | 2. Name of Injured Gooding, James | 3. Register Number 15155 - 074 |
|---|---|---|

| 4. Injured's Duty Assignment Unicor | 5. Housing Assignment SS | 6. Date and Time of Injury 4-18-06  1130 |
|---|---|---|

| 7. Where Did Injury Happen (Be specific as to location) Unicor Cable 9 | Work Related? ☑ Yes  ☐ No | 8. Date and Time Reported for Treatment 4-19-06  1145 |
|---|---|---|

**9. Subjective:** *(Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)*

I came in from lunch & Mr. Thixton told me to sign a work Performance & I told him that I didn't agree & he became upset & Turned toward me suddenly, & put his hand up my my face very close & I Jerked my Head Backwards to Avoid his hand And I felt a Crack.

*Signature of Patient*

**10. Objective:** *(Observations or Findings from Examination)*     X-Rays Taken ____   Not Indicated ✓
X-Ray Results reported at this time

Looks well ambulatory alert NAD
Cervical area tenderness ROM diminished

**11. Assessment:** *(Analysis of Facts Based on Subjective and Objective Data)*

Cervical Muscle Sprain

**12. Plan:** *(Diagnostic Procedures with Results, Treatment and Recommended Follow-up)*

Indomethacin 25mg take ii caps orally x7day for pain #2¥  3x daily
Cervical X Ray requested to further evaluation
S/ PRN f/u  Quarters for 2 days

**13. This Injury Required:**

☐ a. No Medical Attention

☑ b. Minor First Aid

☐ c. Hospitalization

☐ d. Other *(explain)*
_____
_____
_____

☐ e. Medically Unassigned

☐ f. Civilian First Aid Only

☐ g. Civilian Referred to
Community Physician

*Signature of Physician or Physician Assistant*

Original - Medical File
Canary - Safety
Pink - Work Supervisor *(Work related only)*
Goldenrod - Correctional Supervisor

*Self Carboned Form – If ballpoint pen is used,* **PRESS HARD**

08 0110

**FILED**

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

362(60)
FEBRUARY 1986

♻ Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Huffman | DATE: 19. Apr 06 |
|---|---|
| FROM: Samay Goodies | REGISTER NO.: 15155 — 074 |
| WORK ASSIGNMENT: Unicor Cable 9 | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

On 18 Apr 06, Mr. Thaxton put his hands in
my face & caused me to jerk my head Back ward, and I am
having neck pain & Anxiety. I am reporting this injury to you
and to Mr. Whitetaine. On Apr 18, 06 I asked the Asst
Factory Manager, Mr. Rast to tell SGT Huffman that I wanted
to speak to him

---

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055  **INMATE REQUEST TO STAFF**  CDFRM
SEP. 98
**U.S. DEPARTMENT OF JUSTICE**                **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: 21 Mar 06 |
|---|---|
| FROM: Goodwin James | REGISTER NO.: 15155-074 |
| WORK ASSIGNMENT: Unicor | UNIT: Sunset SHU |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

On or About Mar 16. My Supervisor Mr. thixton
was behind another Inmate horse playing & took a
2 x 4 and slammed it on the Table. I jumped
Because I didn't know what was going on. I began
having anxiety again. I noticed today that I began
having a Nervous Twitch in my left Eye. I began
Counting and the Twitch happens every Minute &
15 seconds. Please Let me know when can you see
me. Thank You

(Do not write below this line)

DISPOSITION: Sick call

YP 3-27-06

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                     **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Health Svc's Director | DATE: Feb 1, 2006 |
|---|---|
| FROM: Jamey Gooding | REGISTER NO.: 15155-074 |
| WORK ASSIGNMENT: UniCor | UNIT: Sunset 501-033L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On or about Jan 12, 2006 I was Pulled into the office By Mr. Gene Aiello & Mr. Thixton and was Asked Numerous Questions About why I Told Health Services that I was Complaining of Mr. Thixton's Yelling AT ME. I thought that when the PA & I were Discussing Possible Reason's for my Panic attack's, that; that was Confidential. Please give to me the Policy that STATES that you can share my Personal Medical Problems with the federal Prison Industries, which causes me to Be Questioned every time I try to get help from Health Sevices, Being adversely 1st Request Affected.

(Do not write below this line)

DISPOSITION:

Staff have been cautioned

| Signature Staff Member  JP Carpenter | Date 2-24-06 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S308.052  **ADMINISTRATIVE DETENTION ORDER**  CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

<u>FCI Big Spring</u>
Institution

Date/Time: <u>October 20, 2006 (3:27pm)</u>

TO:   Special Housing Unit Officer

FROM: <u>J. Lara,   Lieutenant</u> _____, (Name/Title)

SUBJECT: Placement of <u>Gooding, James</u> , Reg. No. <u>15155-074</u> , in Administrative Detention

_____ (a) Is pending a hearing for a violation of Bureau regulations;
_____ (b) Is pending investigation of a violation of Bureau regulations;
_____ (c) Is pending investigation or trial for a criminal act;
__XXXX___ (d) Is to be admitted to Administrative Detention

_____(1) Since the inmate has requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____(2)  Since a serious threat exists to individual's safety as perceived by staff,
            although person has not requested admission; referral of the necessary information
            will be forwarded to the UDC/DHO for appropriate hearing.

_____ (e) Is pending transfer or is in holdover status during transfer.
_____ (f) Is pending classification; or PSY HOLD
_____ (g) Is terminating confinement in Disciplinary Segregation and has been ordered into
           Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named inmate's continued
presence in the general population poses a serious threat to life, property, self, staff, other
inmates, or to the security or orderly running of the institution because*

<u>YOU ARE BEING PLACED INTO THE SPECIAL HOUSING UNIT FOR AN SIS INVESTIGATION.  YOU WILL BE NOTIFIED</u>

<u>OF YOUR STATUS WHEN MORE INFORMATION IS AVAILABLE.</u>

_____
_____
_____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The
inmate received a copy of this Order on (date/time) <u>October 20, 2006 (3:30pm)</u>
Staff Witness Signature/Printed Name  <u>D. Norgren/</u>_____ Date <u>October 20, 2006 (3:30pm)</u>

*In the case of DHO action, reference to that order is sufficient. In other cases, the officer will
make an independent review and decision, which is documented here.

Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status);
Copy - Captain; Copy - Unit Manager; Copy - Operation Supervisor - Administrative Detention Unit; Copy
- Central File

(This form may be replicated via WP)                    Replaces BP-308(52) of JAN 88

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISON

                                                    FCI Big Spring, TX
                                                        INSTITUTION
                                     DATE/TIME: April 20, 2006/ 2:00 PM

TO      : SPECIAL HOUSING UNIT OFFICER
           _D. Norgren_
FROM    : D. Norgren, Lieutenant__ , (NAME/TITLE)

SUBJECT : PLACEMENT OF:_Gooding_____ NO._15155-074_____ IN ADMINISTRATIVE DETENTION

_____ (A)   IS PENDING A HEARING FOR A VIOLATION OF BUREAU REGULATIONS;
_____ (B)   IS PENDING INVESTIGATION OF A VIOLATION OF BUREAU REGULATIONS;
_____ (C)   IS PENDING INVESTIGATION OR TRIAL FOR A CRIMINAL ACT;
__X__ (D)    IS TO BE ADMITTED TO ADMINISTRATIVE DETENTION

            _____ (1) SINCE THE INMATE HAS REQUESTED ADMISSION FOR PROTECTION

        I HEREBY REQUEST PLACEMENT IN ADMINISTRATIVE DETENTION FOR MY OWN PROTECTION.

                        INMATE SIGNATURE/REGISTER NO.:_____/

                        STAFF WITNESS PRINTED NAME/SIGNATURE:_____/

            _____(2)   SINCE A SERIOUS THREAT EXISTS TO INDIVIDUAL'S SAFETY AS PERCEIVED BY
                        STAFF, ALTHOUGH PERSON HAS NOT REQUESTED ADMISSION; REFERRAL OF THE
                        NECESSARY INFORMATION WILL BE FORWARDED TO THE UDC/DHO FOR APPROPRIATE
                        HEARING.

_____ (E)   IS PENDING TRANSFER OR IS IN HOLDOVER STATUS DURING TRANSFER.
_____ (F)   IS PENDING CLASSIFICATION; (PENDING CAPTAIN'S REVIEW)
_____ (G)   IS TERMINATING CONFINEMENT IN DISCIPLINARY SEGREGATION AND HAS BEEN ORDERED INTO
             ADMINISTRATIVE DETENTION BY THE WARDEN'S DESIGNEE.


IT IS THIS OFFICER'S DECISION BASED ON ALL THE CIRCUMSTANCES THAT THE ABOVE NAMED INMATE'S
CONTINUED PRESENCE IN THE GENERAL POPULATION POSES A SERIOUS THREAT TO LIFE, PROPERTY, SELF, STAFF,
OTHER INMATES, OR TO THE SECURITY OR ORDERLY RUNNING OF THE INSTITUTION BECAUSE*

_Inmate Gooding, #15155-074, you are being placed in the Special Housing Unit, pending a_
_threat assessment._____

THEREFORE, THE ABOVE NAMED INMATE IS TO BE PLACED IN ADMINISTRATIVE DETENTION UNTIL FURTHER NOTICE.
THE INMATE RECEIVED A COPY OF THIS ORDER ON (DATE / TIME) April 20, 2006 /2:30 PM

STAFF WITNESS SIGNATURE/PRINTED NAME_____ /Lt. Lara___     DATE: April 20, 2006

*IN THE CASE OF DHO ACTION, REFERENCE TO THAT ORDER IS SUFFICIENT.  IN OTHER CASES, THE OFFICER
WILL MAKE AN INDEPENDENT REVIEW AND DECISION, WHICH IS DOCUMENTED HERE.


   ____ord Copy - Inmate Concerned (not necessary if placement is a result of holdover status);
Copy - Captain;                                                    Copy - Unit Manager;
Copy - Operation Supervisor - Administrative Detention Unit;       Copy - Central File
(This form may be replicated via WP)                          Replaces BP-308(52) of JAN 88

NSN 7540-00-634-4176

AUTHORIZED FOR LOCAL REPRODUCTION

| MEDICAL RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT  TREATING ORGANIZATION (Sign each entry) |
|---|---|
| 4-20-06<br>1115<br>NICAM<br>E/C | S. Lt Lare refer this inmate to HSU Pt retates been anxious since this morning after have a confuntation verbally with a staff member at the cent l. Requesting to be put back in his Anxiety meds. |
| | O. Pt looks well ambulating & erent l.d Not card. resp distress BP 160/115 P70 R 16 |
| | A. Hx of Anxiety (Consulted with Dr Riffers) + LT M |
| | P. Restart Doxepin 50mg caps take one cap orally (one cap qhs PO srsl) at pill line for Anxiety x 3mnth # 30 R : Pt has been instructed to take his HTN meds Clonidine and go back to rest and relax at his dorm. S/C or E/c if symtoms persist or get worse .S/C prn |

PATIENT EDUCATION PROVIDED VIA:    VERBAL  (WRITTEN)        J. Alvarez
                                                              Physician Assistant
                                    NO                        FCI Big Spring

COUNSELING        YES  42606          WILLIAM SAGE R.PH
                                      CHIEF PHARMACY OFFICER
SIGN              WUS                  FCI BIG SPRING  WUS

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |

PATIENT'S IDENTIFICATION: (For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)

Grodey James
15158-074

FCI BIG SPRING
1900 SIMLER AVENUE
BIG SPRING, TEXAS 79720

| REGISTER NO. | WARD NO. |
|---|---|

CHRONOLOGICAL RECORD OF MEDICAL CARE
Medical Record

STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1

USP LVN

# UNICOR WORK PERFORMANCE EVALUATION RECORD  8/11/05

Comments:

I've talked to Gooding today about past evaluations that have not been recorded. The last evaluation record is dated 6/10/03 through 03/31/04. I have not filled out an FPI-44 since that date.

I have always tried to work with Gooding on a one-on-one basis and felt this was working. He however, has indicated to me today, he needs his FPI-44's for an internship for his Associates Degree.

He also told me he gave me two BP-S148.055 (Inmate request to staff) requesting his evaluations. One was roughly 6 months ago and the other was Friday 8/5/05. He said I have returned them to him unsigned. I do not remember this.

When I asked him why he didn't just ask me for them himself, he told me he is sometimes intimidated by me and could have been afraid to ask me.

There have been many times over the past year and a half that Gooding has failed to perform at what I feel is his best abilities. Some days he does fine and has the capability of doing his work full speed a head. Other days he's worthless to say the least. He does not always get along with the other staff and inmates. Some days he's just fine and other days he is sort of in the clouds and is very depressed and poorly motivated. He is very aware of his mental moodiness and is constantly struggling with it.

I have counseled him today and we have discussed his work performance for the past year and a half. He is now aware he needs to try much harder in the future to increase his work performance. Gooding understands that he will remain at his current grade 2 for the next 6 months to see if he improves. We have agreed to have monthly evaluations for this time frame. This may very well help him understand more of what is required of him and help improve his performance.

He will receive a copy of this evaluation and the one dated 6/10/03 through 3/31/04. I will also forward a copy to the Unit Team and Mrs. Tubb.

He has also let me know he will be working with Mrs. Tubb in Psychology to help him get through some personal issues that he feels could be contributing to his work performance.

Evaluation date: 4/1/04 through 8/11/05

Supervisor: Sandy Adams/Contracting Officer

_____    Date  8-11-05

Inmate: Jamey Gooding Reg# 15155-074

_____    Date  8/11/05

EX#. A

**Administrative Remedy No. 373900-A1**
**Part B - Response**

You contend the denial of a promotion to a pay grade one position in UNICOR is discriminatory. You request such promotion.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. There is no entitlement to be assigned to any particular work detail or to receive any specific pay grade. The number of pay grade one positions in the area in which you are assigned has been reduced. There is now only a single grade on position, and that position is currently occupied. You may request consideration for that position in the event is becomes vacant. This is consistent with Program Statement 8120.02, Work Programs for Inmates - FPI. There is no evidence you have been discriminated against.

Your appeal is denied.

September 1, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

Ex. 7B

James Gooding
Reg. No: 15155-074
S01-033L

## Response to Inmate Request to Staff Member

This is in response to your Inmate Request to Staff Member dated
August 24, 2005, and received in this office on September 13,
2005. In your request, you bring forth a myriad of issues which
includes your pay grade, staff conduct, copies of official
paperwork, and your health. You list nine resolutions that you
want addressed on behalf of other inmates at UNICOR, and six
resolutions you are requesting on behalf of yourself.

I will not address any issues that you submit on behalf of other
inmates. Your requests must be specific to you and not other
inmates.

A summary of the six requests for resolution on your behalf has
determined that you are asking for copies of official paperwork
and a promotion to pay grade 1. If the Superintendent of
Industries feels that you are not entitled to copies of official
Federal Bureau of Prisons' paperwork, then you may submit a
Freedom of Information Act Request to the Federal Bureau of
Prisons, 320 First Street NW, Washington DC  20534, Attention
FOIA Section. They will review your request.

Your request for a promotion to pay grade 1 has been addressed in
Administrative Remedies BIG-373900-F1, SCR-373900-R1, and BOP-
373900-A1. Our denial of your request was supported by the
Regional and Central Offices. There is no entitlement for you to
be assigned to any particular work detail or pay grade. The
issue will not be discussed further.

Additionally, in your request, you mention on page 5 that you
have experienced some health concerns in relation to your current
work detail. You should see Health Services staff in order to
have your health concerns evaluated. If you have not already
reported to sick call, you should report to sick call to discuss
your health concerns with a Health Care Provider.

Finally, in your request, you have submitted copies of five other
Inmate Request to Staff Member forms that were all dated
September 6, 2005, and were addressed to staff at UNICOR. I
received this request in my office on September 13, 2005.
Consequently, you have not provided staff with a reasonable
amount of time to respond to your concerns. This review has also
determined that there is no evidence that staff even received any
of the requests that were dated September 6, 2005. I urge you to
work with and communicate openly to staff in order to help you
resolve any issues or concerns.

David G. Justice
Warden

Date: 9-15-05

RESPONSE TO REQUEST FOR
ADMINISTRATIVE REMEDY
BIG-373900-F1

NAME: GOODING, James
REG. NO. 15155-074

Your Request for Administrative Remedy dated April 21, 2005, was received in this office April 25, 2005. Specifically, you state that you should be promoted to "Grade 1" pay in the UNICOR Business Office.

A review of the issues in your Request for Administrative Remedy has been conducted. Our review has determined that you have been assigned to the UNICOR Business Office work detail since June 9, 2003. Federal Bureau of Prisons Program Statement 8120.02, entitled, Work Program for Inmates, FPI, states in chapter 4, page 4, section 3(b), that "The SOI, or a designee, may promote an inmate to a higher grade level if an opening exists when the inmate's skills, abilities, qualifications, and work performance are sufficiently developed to enable the inmate to carry out a more complex FPI factory assignment successfully, when the inmate has met the institution's time-in-grade (unless waived by the SOI), and when the inmate has abided by the inmate worker standards." The number of "Grade 1" positions in the UNICOR Business Office, Procurement section, has been reduced to one and this position is currently occupied. In the event that the position becomes vacant, you may be considered for it provided that your skills and work performance justify a promotion to a "Grade 1" position in the UNICOR Business Office.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a Form BP-10 to the Regional Director, Federal Bureau of Prisons, South Central Regional Office, 4211 Cedar Springs Road, Suite 300, Dallas, TX 75219.

D. Berkebile
Acting Warden

Date: 05/06/05

EXH. D-1

GOODING, James          REG. NO. 15155-074      RECEIPTED: 05/27/05

373900-R1               PART B - RESPONSE

You are appealing the Warden's response to your complaint that
you are being deprived of an accelerated pay grade promotion.
For relief, you request a grade one promotion.

A review of your case reveals your complaint was appropriately
addressed by the Warden.  The Warden has provided you specific
and accurate information regarding UNICOR's accelerated pay grade
promotion procedures, as outlined in Program Statement 8120.02,
Work Programs For Inmates, FPI, Chapter 5, Page 4, section h.,
which states, "FPI locations shall make every effort to put
premium pay positions in each major department including the
Business Office, Quality Assurance, and Warehouse groups.
Distribution of Premium Pay positions is limited only by the
number of first grade positions approved at each institution (15%
of first grade positions)."  You were advised, you would be
considered for a promotion as a position became available.  The
Warden is within the scope of his responsibilities in reaching
his decision.

Your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section,
320 First Street, NW, Washington, D.C. 20534.  Your appeal must
be received in that office within 30 days from the date of this
response.


___6-15-05_____          ___ACl Wendell I. He___
Date                                 Ronald G. Thompson
                                     Regional Director


SENSITIVE - LIMITED OFFICIAL USE

D-3

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
| Mr. Huffman | 8/14/05 |
| FROM: | REGISTER NO.: |
| Jamal Gooding | 15155-074 |
| WORK ASSIGNMENT: | UNIT: |
| Unicor | Sunset |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

When we last spoke you had statements that Mr. Hughey (Bus. Manager) & Ms. Adams (Contract Officer) made concerning my work performance. Ms. Adams stated that you informed her that I had copies of these statements that the Region had sent me. This is not true. Ms. Adams stated the statements were sensitive and I could not see them. I am requesting a copy of these statements and a copy of all paperwork in my employment file to include my Application, work Appraisal's, promotions Application and Grade Retention forms. If any of the information that I am requesting is protected, Please provide me with the name of the agency I must write to that are in charge of these documents, Thank you.

---

(Do not write below this line)

DISPOSITION:

I Have provided you with those Documents which are allowable

---

| Signature Staff Member | Date Aug 18/05 |

Record Copy - File; Copy - Inmate
This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98.

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr Hughes | DATE: 8/14/05 |
|---|---|
| FROM: Jamey Gooding | REGISTER NO.: 15155-074 |
| WORK ASSIGNMENT: Unicor | UNIT: SS 1 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Ms Adams informed me that you denied my Grade Request Dated July 2004. Please provide me with a copy of the Denial Along with the Reason for the Denial. Also, I am requesting a copy of the Grade Retention form As Required By Unicor's Program Statement § 345.67

1. A copy of my Grade Request form Dated July 2004 Along with the Reasons for Denial. *Was unavailable does not exist*

2. A copy of Grade Retention form Along with all documentation Supporting your Decision for retention. *Not available was not accessible*

(Do not write below this line)

DISPOSITION:

_____
Signature Staff Member                    Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94


Printed on Recycled Paper

## DECLARATION OF TRUTH
## BY
## JAMES GOODING    #15155-074

Declarant, hereby attests under penalty of perjury, 28 U.S.C. § 1746, that the following is true, correct and complete to the best of Declarant's firsthand knowledge and beliefs, and states:

On or about May 07, Business Manager Geoff Hughey called me into the office to discuss my Scholarship.    Mr. Hughey informed me that he was not going to pay for my books for my scholarship because the Program Statement would not allow him- plus, that no other inmates books were purchased by UNICOR - and that I was not special and he did not understand why I thought that I was so special.

I informed Mr. Hughey that he was being biased against me and holding it against me because the other inmates did not know the Program/Policy Statement which provides for "tuition AND books" being purchased for College courses.

Mr. Hughey ASSURED me that buying books was NOT in the Program/Policy Statement.

I told Mr. Hughey that he should be trying to help me, but Mr. Hughey responded- and I quote: "Why should I try to help you, Gooding, you have caused me a lot of trouble."

To the foregoing, Declarant would attest to the same before UNIT DISCIPLINARY COMMITTEE and a Court of Law.

Declarant:

James Gooding
c/o USM # 15155-074,   Sunset Unit
Federal Correctional Institution
190 Simler Avenue
Big Spring, Texas [79720]

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: *15 Mar 06* |
|---|---|
| Mr. Hughey | |
| FROM: *Jamey Gooding* | REGISTER NO.: *15155-074* |
| WORK ASSIGNMENT: *Unicor* | UNIT: *SS-1-33-L* |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I am Requesting the F.P.I. for 82 & F.P.I. 83 which
will Note When the Grade 1 Changes to Procurement
Positions were Changed or Reduced.

Classification Maintenance PS 8120

Chapt 2 Sec 4 d

RECEIVED
MAR 1?
UNICOR FPI
BIG SPRING, TX

(Do not write below this line)

DISPOSITION:

*Forms 82 & 83 are attached.*

| Signature Staff Member | Date |
|---|---|
| | *3-28-06* |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

UNITED STATES GOVERNMENT

# m e m o r a n d u m

DATE: October 28, 1998

REPLY TO
ATTN OF: Geoff Hughey, Business Office Manager

SUBJECT: FPI Form 82 & 83 for FY' 1999

TO: J. Aguirre, Warden

UNICOR Business Office (Procurement, Accounting, & Warehouse)

| | Job Title | Labor Code | Quantity | GRADE 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|---|---|
| 01. | Procurement Clerk | 249367066 | 2 | 2 | - | - | - | - |
| 02. | Distribution Clerk | 219362010 | 1 | 1 | - | - | - | - |
| 03. | Orderly | 381687018 | 1 | - | - | 1 | - | - |
| 04. | Payroll Clerk | 215482010 | 1 | - | 1 | - | - | - |
| 05. | Acct./Rec. Clerk | 249367054 | 1 | 1 | - | - | - | - |
| 06. | Acct./Pay. Clerk | 214362026 | 1 | 1 | - | - | - | - |
| 07. | Accounting Clerk | 216482010 | 1 | 1 | - | - | - | - |
| 08. | Material Clerk | 222387034 | 1 | - | 1 | - | - | - |
| 09. | Warehouse Clerk | 222687010 | 1 | 1 | - | - | - | - |
| 10. | Admin. Clerk | 219362010 | 2 | 2 | - | - | - | - |
| 11. | Ship/Rec. Clerk | 222287050 | 2 | 1 | 1 | - | - | - |
| 12. | Material Handler | 929682030 | 4 | 2 | 2 | - | - | - |
| Total | | | 18 | 12 | 5 | 1 | 0 | 0 |

Approved: _____
        Tim Browder
        Superintendent of Industries

Approved: _____
        J. Aguirre
        Warden

REVIEWED AND RELEASED

FEB 2 8 2006

SCRO LEGAL OFFICE

F-3



**U.S. Department of Justice**

*Federal Bureau of Prisons*

*Federal Correctional Institution*

---

*1900 Simler Avenue*
*Big Spring, Texas 79720*

October 3, 2005

**MEMORANDUM FOR WAYNE HUFFMAN, SOI/E/FS**

**FROM:**              Geoff Hughey, UNICOR Business Manager

**SUBJECT:**           UNICOR Business Office Inmate Position Classifications

The following inmate positions and their respective grade levels will be effective October 1, 2005.

| Title | Labor Code | Total | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|---|---|
| Procurement Clerk | 249367066 | 2 | 1 | 1 | 0 | 0 | 0 |
| Accounts Pay. Clerk | 214362026 | 1 | 1 | 0 | 0 | 0 | 0 |
| Accounts Rec. Clerk | 216482010 | 1 | 1 | 0 | 0 | 0 | 0 |
| Q. A. Inspector | 701261010 | 1 | 1 | 0 | 0 | 0 | 0 |
| Q. A. Clerk | 221387046 | 1 | 0 | 1 | 0 | 0 | 0 |
| Warehouse Rec. Clerk | 221387046 | 1 | 1 | 0 | 0 | 0 | 0 |
| Inventory Clerk | 222387026 | 1 | 1 | 0 | 0 | 0 | 0 |
| Shipping Clerk | 212387050 | 1 | 1 | 0 | 0 | 0 | 0 |
| Warehouse Worker | 922686046 | 12 | 2 | 4 | 4 | 2 | 0 |
| Total | | 21 | 9 | 6 | 4 | 2 | 0 |

Approved: _____

Form 63

**UNICOR**
Federal Prison Industries, Inc.

# JOB GRADING SHEET

Job No. __2__

UNICOR, F.C.I. BIG SPRING
-----------------------------------------
*(Institution)*

BUSINESS OFFICE
-----------------------------------------
*(Industry)*

Job Title __PROCUREMENT CLERK 249367066_____ Grade __2__

Hourly production requirement for fully trained worker_____

Duties Extremely familiar with all aspects of SAP & FAR.

Handles dissemination of procurement material, good

attitude & works well w/others. Follows directions w/

little to no questions asked. Contract preparation being introduced.

| | Points |
|---|---|
| 4th Grade Job_____ | 0 – 55 |
| 3rd  "   "  _____ | 56 – 75 |
| 2nd  "   "  ____84_____ | 76 – 87 |
| 1st  "   "  _____ | over 87 |

Number of inmates normally assigned    1          *Check elements in proper column*

## COMPARATIVE SCALE OF REQUIREMENTS

| JOB ELEMENTS | MINIMUM | BELOW AVERAGE | AVERAGE | ABOVE AVERAGE | MAXIMUM |
|---|---|---|---|---|---|
| **I. General Educational Development** | Simple addition and subtraction, reading and copying of figures, counting and recording **5** | Use arithmetic to add, subtract, multiply and divide whole numbers **10** | Make arithmetic calculations involving fractions, decimals, and percentages **(15)** | Perform ordinary arithmetic, algebraic and geometric procedures in standard practical applications **20** | Apply knowledge of advanced mathematical and statistical techniques **25** |
| **II. Specific Vocational Development** | Short Demonstration only **8** | Beyond Demonstration up to and including 30 days **16** | Over 30 days up to and including 3 months **24** | Over 3 months up to and including 12 months **(32)** | Extended training period - over one year **40** |
| **III. Physical Demand** | Sedentary, very light work **4** | Sedentary, standing - light work (lift/carry up to 10 pounds.) **(8)** | Standing walking, medium effort. (Lift/carry up to 25 pounds.) **12** | Walking, stooping, handling heavy materials. (Lift/carry up to 50 pounds.) **16** | Stooping, climbing, handling heaviest and most cumbersome materials (Lift/carry over 50 pounds.) **20** |
| **IV. Responsibility (a) For equipment and materials used** | Up to $250. **2** | $251 - $1,000. **4** | $1,001 - $4,000. **6** | $4,001 - $10,000. **8** | $10,001 - up. **(10)** |
| **(b) For effect of job performance on safety and work of others** | Indicate the extent to which the proper performance of the job being rated will affect the safety and production of other workers. **2** | **4** | **6** | **8** | **(10)** |
| **V. Working Conditions** | Very Good **3** | Good **6** | Average **(9)** | Exposed to temperature changes, noise, vibrations **12** | Exposed to fumes, odors, dust, wet or humid conditions, etc. **15** |

**APPROVED**

Civilian Foreman _Sandy Adams_____

Industry Officer in Charge_____        Date __3-28-06__

**INSTRUCTIONS:** See reverse side

FPI Form 82 (Rev.)

SEP 98
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| | | | |
|---|---|---|---|
| | Dr. Tubbs | DATE: | 23 Aug 05 |
| FROM: | Jamey Gooding | REGISTER NO.: | 15155-074 |
| WORK ASSIGNMENT: | Unicor | UNIT: | Sunset |

**SUBJECT:** (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

My Supervisor's At Unicor have indicated that I might have some kind of mental problems. I am asking to evaluate me.

_____

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148 and used Oct 86

SOI-033L

## Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff Member form dated November 19, 2005 and received on November 21, 2005, wherein you request treatment by the psychologist.

A review of your request revealed that you spoke with the Psychology Department on various occasions. However, in the psychologist's professional opinion after speaking with you, she has determined your concerns are not as severe as other patients. All issues brought to the attention of the Psychology Department are considered important. Please continue to update the Psychology Department on your condition.

. . . to Staff you mention a problem with nerves and blood pressure. I . . . a.m. to 9:30 a.m., to schedule an examination to evaluate your claims.

Should you have any further concerns, please do not hesitate to contact the Health Services Department or the Psychology Department.

_____                    _____11-23-05_____  _____
Justin  Warden                                                              Date

Health Svc. can treat your
symptoms, until Dr. Mott can
see you.

Fx 5C

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| MEDICAL Services | 3 Jan 05 |
| FROM: Jamey Gooding | REGISTER NO.: 15155-074 |
| WORK ASSIGNMENT: Unicor CBL-9 | UNIT: SS-R1-33-L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

Today, Again, I was Yelled At By My Supervisor
Mr. Thixton. All the Inmate's I Go thru this
regularly. I got Anxiety & My Blood Pressure increased. Mr.
Thixton stated that He didn't Care About Temperature. I
got so mad I started Talking to myself & Then I
started Answering myself. I've made sick call
Already and I've tried Psychology prior to this
Incident. What Do I do Now!

_____(Do not write below this line)_____

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

Gooding, James
Reg. No.: 15155-074
Sunset 01-033L

## **Inmate Request to Staff Member Response**

This is in response to your Inmate Request to Staff Member dated January 3, 2006, wherein you state you have anxiety and an increase in blood pressure.

The Health Services department has sick call on Monday, Tuesday, Thursday and Friday from 6:00am to 6:30am. If you feel you need assistance with a medical problem, you should report to Health Services and you will be evaluated for medical complaints.


James L. Carpenter                    Date: January 10, 2006
Acting HSA

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mr. Martinez (HSA) Medical | DATE: 8/6/07 |
|---|---|
| FROM: Jamey Gooding | REGISTER NO.: 15155-024 |
| WORK ASSIGNMENT: Unicor | UNIT: Sunset |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.) I spoke with you earlier Concerning a neck
injury I received from an officer at Unicor I expressed
My concerns for an X-ray that I have been Complaining
About. I am again requesting A X-ray of my neck
Area. I continue to have Pain, ex-cruciating Pain, to my
neck & Spinal cord. You informed me that you did not have
an X-ray tech, at this time. Please place my Cop-out in
You. thank you Very much & God Bless

_____

_____

_____

(Do not write below this line)

DISPOSITION:

_____

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: 0 / May 07 |
|---|---|
| FROM: Jamey Gooding | REGISTER NO.: 15155 874 |
| WORK ASSIGNMENT: Unicor | UNIT: Sunset |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.)  If necessary, you will be interviewed in order to successfully respond to your
request.)

I am Coughing up .and I have Alot
of pressure in my Chest. I have dizziness
and extreme fatigue. I am Requesting A
Chest X-RAY for. T.R. and A X-RAY
for my neck. I am still having Problems with
my neck. Shortness of Breath o Rash over my eye
itching scalp.

Submitted the Same day I made sick Call.

May 07

(Do not write below this line)

DISPOSITION:

Sick call

5-9

L. _____, MD

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: 3/8/07 |
|---|---|
| Health Services | |
| FROM: JaMey Gooding | REGISTER NO.: 15155-074 |
| WORK ASSIGNMENT: Unicor | UNIT: Sunset |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I went to a medical callout today, Dr. Rolfers was informed
that I complained of neck pain. I had an accident at work
several months ago, and although I complained several times,
I have never had an x-ray or follow up care. I need
to be seen by a specialist for this injury.

Thank You!

3/8/07

(Do not write below this line)

DISPOSITION:

_See attached_

| Signature Staff Member | Date |
|---|---|
| | 03-15-2007 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper

**GOODING, Jamey**
Register No.: 15155-074

## Inmate Request to Staff Member Response

This is in response to your Inmate Request to Staff Member dated March 8, 2007, wherein you complain you were seen by a physician and although you complain about neck pains, an x-ray was not ordered. You would like to be evaluated by a specialist.

A review of your medical record reveals on March 8, 2007, you were evaluated by the house physician who address your complain of neck pain but did not deemed necessary to order x-rays to treat your symptoms. On March 9, 2007, you returned to the clinic and complained of neck pains again. Your concern was reassessed and again there were no clinical indications requiring x-rays.

Based on their clinical expertise of both clinicians and the lack of clinical indications and manifestations x-rays are not necessary to treat your condition. You must first comply with the medical treatment as indicated, if the symptoms persist after the treatment you must sign again for sick to be reevaluated.

I hope this addresses your concerns.

A. Martinez, HSA

03-15-2007
Date

I was given the opportunity to take more Courses by Howard College But I did Refuse to take Anymore Course's because I was Placed in Segregation for No Fault of my Own and I am Afraid that this will Continue and may Be with drawn.

James Goodin

12 Jan 06
School Registration

# UNICOR WORK PERFORMANCE EVALUATION RECORD

NAME: *Jamey Gooding*
(LAST, FIRST, MIDDLE INITIAL)

REGISTER NUMBER: *15155-074*

**1 5 1**
INSTITUTION CODE

**1 2 0 0**
INDUSTRY CODE

**2 4 9 3 6 7 0 6 6**
WORK ASSIGNMENT DOT CODE

**M M D D Y Y**
**0 4 0 1 0 4**
EVALUATION BEGIN DATE

Rating Scale: 1=Much Worse than Average

**M M D D Y Y**
**0 8 1 0 0 5**
EVALUATION END DATE

2=Worse than Average          3=Average

4=Better than Average          5=Much Better than Average

*JG*
Inmate Initials

*SA*
Supervisor Initials

Salary | Quality Assurance | Personal Conduct/Hygiene | Punctuality/Productivity | Compliance with Work Standards

|__|__|__|__|__|__|__|__|__|__|__|__|     Total |__|__|

Comments: *See attached*

_____

_____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**1 5 1**
INSTITUTION CODE

**1 2 0 0**
INDUSTRY CODE

**2 4 9 3 6 7 0 6 6**
WORK ASSIGNMENT DOT CODE

**M M D D Y Y**
**0 8 1 2 0 5**
EVALUATION BEGIN DATE

Rating Scale: 1=Much Worse than Average

**M M D D Y Y**
**0 4 1 3 0 6**
EVALUATION END DATE

2=Worse than Average          3=Average

4=Better than Average          5=Much Better than Average

Inmate Initials

Supervisor Initials

Salary | Quality Assurance | Personal Conduct/Hygiene | Punctuality/Productivity | Compliance with Work Standards

|__|__|__|__|__|__|__|__|__|__|__|__|     Total |__|__|

Comments:_____

_____

_____

FXH  C-1

## UNICOR WORK PERFORMANCE EVALUATION RECORD

AME: Jamey, Gooding                    REGISTER NUMBER: 1 5 1 5 5 – 0 4 7
_____
(LAST, FIRST, MIDDLE INITIAL)

1 1 5 1 1                    1 2 0 0                    2 4 9 3 6 7 0 6 6
**INSTITUTION CODE**            **INDUSTRY CODE**            **WORK ASSIGNMENT DOT CODE**

M M D D Y Y                      M M D D Y Y
0 6 1 0 0 3                       0 9 3 0 0 3
**EVALUATION BEGIN DATE**                  **EVALUATION END DATE**

**Rating Scale: 1=Much Worse than Average**      **2=Worse than Average**      **3=Average**

**4=Better than Average**      **5=Much Better than Average**

Inmate Initials

Supervisor Initials

Salary: 4  Quality Assurance: 4  Personal Conduct/Hygiene: 5  Punctuality/Productivity: 5  Compliance with Work Standards: 5    Total: 23

Comments: Mr. Gooding is learning a new system and will be very good in the near future!

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

1 5 1 1                    1 2 0 0                    2 4 9 3 6 7 0 6 6
**INSTITUTION CODE**            **INDUSTRY CODE**            **WORK ASSIGNMENT DOT CODE**

M M D D Y Y                      M M D D Y Y
1 0 0 1 0 3                       0 3 3 1 0 4
**EVALUATION BEGIN DATE**                  **EVALUATION END DATE**

**Rating Scale: 1=Much Worse than Average**      **2=Worse than Average**      **3=Average**

**4=Better than Average**      **5=Much Better than Average**

Inmate Initials

Supervisor Initials

Salary: 5  Quality Assurance: 5  Personal Conduct/Hygiene: 5  Punctuality/Productivity: 5  Compliance with Work Standards: 5    Total: 25

Comments: Mr. Gooding has learned quickly. Always eager to please!

**ORIGINAL - Stays with UNICOR**
**Copies - One copy to Case Manager after each Evaluation Period**

FPI-44
Rev. 11/95

EXH B

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Mr. HUFFMAN | DATE: 9-6-05 |
|---|---|
| FROM: JAMEY GOODING | REGISTER NO.: 15155-074 |
| WORK ASSIGNMENT: UNICOR | UNIT: SUNSET |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I AM REQUESTING THE REASONS FOR MY RE-ASSIGNMENT TO CABLE 9 AT THE BIG

SPRING FPI. I AM ALSO REQUESTING THE DOCUMENTATION SUPPORTING THE MOVE

AS REQUIRED MY PS 8120.02 28 CFR §345.40(a) ¶(b) SINCE THIS MOVE IS ALSO

A DEMOTION. PLEASE REFERENCE PS 8120.02 POSITION CLASSIFICATION §345.20

SECTION C. PERFORMANCE RATING AND CORRECTIVE ACTIONS CONCERNING DOCUMENTATION.

RECEIVED

SEP 2 3 REC'D

THANK YOU                                                     UNICOR FPI

                                                              BIG SPRING, TX

(Do not write below this line)

DISPOSITION: Please note that these request were not rec'd until after Sept. 23, 05. Your Requested this on 9-6-05.

I believe this request was answered as to the Documentation we have. Your Re assignment was based on the best interest of the Factory and the Corporation as to were your skills would best be used. Inmate work assignment are based on the Need of the Factory.

| Signature Staff Member | Date |
|---|---|
|  | W Huff SOII  9/26/08 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Printed on Recycled Paper